# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**UNITED STATES OF AMERICA,**

    Plaintiff,

v.                                         **Criminal Action No. 3:07-CR-102-01**
                                             **(BAILEY)**

**JOSE HUMBERTO TORRES-CASTELLON**,

    Defendant.

## ORDER DENYING DEFENDANT'S MOTION FOR
## REDUCED SENTENCE PURSUANT TO 18 U.S.C. § 3582

Pending before this Court is defendant's *pro se* Petitioner's Motion for Reduction of Sentence Pursuant to 18 U.S.C. Section 3582 and Section 18 U.S.C. 5K2.0 (Doc. 63). In his motion, the defendant seeks a reduction in sentence, claiming that this Court has jurisdiction under 18 U.S.C. § 3582. This Court finds that it lacks such jurisdiction and must deny the Motion.

Title 18, United States Code § 3582(c) provides:

(c) Modification of an imposed term of imprisonment.--The court may not modify a term of imprisonment once it has been imposed except that--

    (1) in any case--

    (A) the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion

1

of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--

(i) extraordinary and compelling reasons warrant such a reduction; or

(ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and

(B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and

(2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are

applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582.

Inasmuch as the Director of the Bureau of prisons has not made a motion, 18 U.S.C. § 3582(c)(1) is not applicable.

The defendant has not pointed out any statute permitting this Court to modify his sentence, and under Rule 35 of the Federal Rules of Criminal Procedure, a sentence may be corrected for clerical error within seven (7) days after sentencing, and the Court may reduce a sentence for substantial assistance upon motion of the Government. Neither is applicable in this case. Therefore, 18 U.S.C. § 3582(b) has no application.

Finally, the provisions of 18 U.S.C. § 3582(c) do not apply, inasmuch as the defendant was not sentenced until August 6, 2008, well after the revised sentencing guidelines went into effect. In addition, the defendant's crime did not involve cocaine base, but rather cocaine hydrochloride.

It appears that the defendant simply would like a "re-do" of his sentencing. Even if this Court had such jurisdiction, it would not entertain such a motion. This defendant entered a plea of guilty under a binding plea agreement pursuant to 11(c)(1)(C) calling for a sentence of 51 months, exactly the sentence that was imposed.

For the reasons stated above, the defendant's *pro se* Petitioner's Motion for Reduction of Sentence Pursuant to 18 U.S.C. Section 3582 and Section 18 U.S.C. 5K2.0 **(Doc. 63)** is **DENIED**.

It is so **ORDERED**.

The Clerk is hereby directed to transmit copies of this Order to the defendant and to all counsel of record herein.

**DATED:** July 28, 2009.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE